UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-235-HRW

BASIM ALI TALOUZI                                                                              PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

TERRY O'BRIEN, Warden                                                                  RESPONDENT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Basim Ali Talouzi, an individual presently confined at the Federal Correctional Institution in Ashland, Kentucky ("FCI- Ashland"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS

The petitioner claims that the Bureau of Prisons ("BOP") denied him due process when it classified him as a "sex offender," even though he has never been convicted of a sex offense.

ALLEGATIONS OF THE PETITION

The petitioner has submitted a typewritten petition, to which he has attached the documents exchanged as he pursued these issues with the BOP through its administrative remedy procedures. Record No. 1. The following is a summary of the allegations made therein.

Petitioner Talouzi is serving a sentence handed down in the United States District Court for the Southern District of West Virginia, after his 1998 indictment on and guilty plea to possession

and distribution of crack cocaine. He states that on February 13, 2003, he received notice that the BOP was classifying him as a sex offender, even though he has never committed nor been convicted of a sex crime. This classification is purportedly not only erroneous and arbitrary, it was determined without notice to him or an opportunity to be heard.

The petitioner gives his version of events which led to the BOP's wrong decision. He alleges that prior to his incarceration, on September 1, 1997, he spanked the five-year-old daughter of a female acquaintance, an act which led to the woman and her boyfriend threatening him with filing a sex abuse complaint if he did not meet their demands for money and drugs. He states that he refused this extortion attempt. That night, police questioned the petitioner but did not arrest or charge him.

Time passed. After his federal indictment on the drug charges, in May of 1998, in Raleigh County, West Virginia, Talouzi was indicted on two counts of First Degree Sexual Abuse, purportedly based on the September, 1997 incident. He states, however, that to date, "[n]othing, including a medical examination of the child, supports claims that Talouzi sexually abused the child."

After his guilty plea to the drug charges, the petitioner began serving his federal sentence. While in prison, in 2000, he was offered a deal to dispose of the state charges: if he would plead guilty to two misdemeanor counts of battery, the term of incarceration imposed therefor would run concurrently with his federal sentence and no monetary penalty would be imposed. The petitioner accepted the deal. Although the plea agreement was not reduced to writing, he pled guilty to the battery counts and he was appropriately sentenced in the state court on September 1, 2000.

After the petitioner discovered his sex offender classification in 2003, he learned that because of that classification, he would not be eligible for placement in a Community Corrections


Center {"CCC") or halfway house. Also, he would not be eligible for a sentence reduction, pursuant to 18 U.S.C. §3621(e)(2)(B), which, as incentive for prisoners to complete a prison drug program, provides for a sentence reduction of up to a year, at the discretion of the BOP.

The administrative responses denying Talouzi any change in his classification reveal the BOP's position on the matter:

> After thoroughly reviewing your case, it was found that the denial of your 18 USC 3621 Release Eligibility via the Residential Drug Program was denied due to the disapproval of your CCC placement. Your Unit Team reviewed your charge concerning the 1998 First Degree Sexual Abuse case listed in your Pre-Sentence Report (PSI). The report reflects that you were convicted of a lesser charge of Battery. However, the Unit Team looked at the overall offense behavior when reviewing this case. The Raleigh County Prosecutor's Office was contacted and records reveal the State Police Forensic Lab results of the Sex Crime Kits confirm that the child was molested. Therefore, in accordance with policy you have been categorized with a Public Safety Factor of "Sex Offender" and Sex Offenders are not ordinarily placed in a CCC. It is evident that your Unit Team and Psychology Services staff have made a sound correctional judgement in your case.

Exhibit C, p 3. The response of the BOP's national office upheld the prison's decision, stating that it was in accordance with several separate BOP policies (known as Program Statements), including the following:

> . . . . P.S. 5100.07 <u>Security Designation and Custody Classification Manual</u>, states a conviction is not required for application of the Sex Offender PSF if the PSI, or other official documentation, clearly indicates the behavior occurred in the current term of confinement or prior criminal history. Due to your inability to complete the transition services component of the [residential drug abuse program], you are ineligible for an 18 U.S. C. §3621(e) sentence reduction.

Exhibit E, p. 3.

The petitioner claims that he did not sexually abuse the child, and there is no evidence that he did. The offer of a plea agreement for the battery charges is attributed to the state's knowing that it could not prove a sex abuse case against him. Therefore, it offered him the deal on battery, and he took it so as to have the charges resolved. Not having been convicted of a sex crime, the

petitioner argues, he should not be classified as a sex offender. Nor should the decision have been made without his seeing all of the documents involved and having an opportunity to be heard.

The petitioner includes citations to cases in other circuits which purportedly support his claim, including *Kirby v. Siegelman*, 195 F.3d 1285 (11th Cir. 1999), cited for the proposition that "[a] prisoner who has never been convicted of a sex offense is entitled to procedural due process before being classified as a sex offender by prison or custodial officials."

ORDER

The instant petitioner having made a claim under the United States Constitution, a claim which affects the length of his sentence and which the Sixth Circuit has apparently not considered,[1] and the Court being otherwise advised,

**IT IS ORDERED** as follows:

(1)   The respondent in this action is Warden Terry O'Brien.

(2)   The Clerk of the Court shall serve by certified mail a copy of the petition and this order upon Respondent Warden O'Brien, and on the Attorney General for the United States, and the United States Attorney for the Eastern District of Kentucky.

(3)   Respondent, by counsel, shall answer or otherwise defend within thirty (30) days of the date of entry of this Order. Respondent shall also file with his answer all relevant documentary evidence which bears upon the allegations contained in the petition.

(4)   Upon entry of a response herein or upon the expiration of said period of time, the Clerk of the Court shall notify the Pro Se Office.

(5)   The petitioner shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

---

[1] The prisoners in *Montalvo v. Snyder*, 84 Fed.Appx. 521 (6th Cir. 2003) (unpublished) and in *Fortino v. Hemingway*, 21 Fed.Appx. 245 (6th Cir. 2001) (unpublished) were convicted of sex crimes.

5

(6)     For every further pleading or other document he wishes to submit for consideration by the Court, the petitioner shall serve upon each respondent/defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document.  The plaintiff/petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.  If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This December 29, 2005.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge